AMERICAN EXPRESS CO. (FINCHLEY, INC.) *v.* UNITED STATES

**No. 6328.**—Invoices dated London, England, February 18, 1946, etc.
Certified February 19, 1946, etc.
Entered at New York, N. Y., March 12, 1946, etc.
Entry No. 744214, etc.

(Decided August 22, 1946)

*Eugene R. Pickrell* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Richard F. Weeks,* special attorney), for the defendant.

KEEFE, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between the attorneys for the respective parties hereto, subject to the approval of the court, that the merchandise, consisting of earthenware and chinaware, and the issues in the appeals to reappraisement in the attached schedule, are the same in all material respects as the merchandise and issues decided in *United States* v. *Wm. S. Pitcairn Corp.,* Suit No. 4513, C. A. D. 334, and that the record in said case may be incorporated herein.

It is further stipulated and agreed that the appraised value of the merchandise, consisting of earthenware and chinaware, involved in each of the cases enumerated in the attached schedule, less the additions made by the importer upon entry, because of advances by the appraiser in similar cases, are equal to the prices at the time of exportation of such merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities in the ordinary course of trade, for exportation to the United States, and that the foreign values for such or similar merchandise are no higher.

It is further stipulated and agreed that these cases may be submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the earthenware and chinaware here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases. Insofar as the appeals relate to all other merchandise they are hereby dismissed.

Judgment will be rendered accordingly.